IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ANNE MARIE LITSON-GRUENBER, *Individually And On Behalf of All Others Similarly Situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:09-CV-056-O |
| JPMORGAN CHASE & CO., | § § § | |
| Defendant. | § § | |

## OPINION AND ORDER OF DISMISSAL

Before the Court are Defendant JP Morgan Chase & Co.'s Motion to Dismiss and Brief in Support (Doc. # 7), Plaintiff's Response thereto (Doc. # 9), and Defendant's Reply in Support of Motion to Dismiss (Doc. # 11). After considering these documents and the relevant authorities, the Court finds as follows.

## FACTUAL BACKGROUND

Plaintiff Anne Marie Litson-Gruenberg initiated this suit against Defendant because its predecessor in interest maintained a bank account for individuals who operated a Ponzi scheme through various entities. Plaintiff's husband invested in the Ponzi scheme and as a result tragically lost their life savings. In this suit, Plaintiff asserts Defendant is liable to her and those who invested in the Ponzi scheme, because it: aided and abetted the Ponzi defendants' breach of fiduciary duties (First Amend. Compl. ¶¶ 94-101), aided and abetted the Ponzi defendants' fraud (*Id.* ¶¶ 102–108); owed Plaintiff an independent fiduciary duty (*Id.* ¶¶ 109-114); committed constructive fraud (*Id.* ¶¶ 115-119), negligence (*Id.* ¶¶120-124), and negligence per se (*Id.* ¶¶ 125-130).

Defendant argues Plaintiff's claims should be dismissed because she failed to properly plead with particularity its knowledge of the object of the primary wrong on the aider and abettor counts,

1

and because it owed no duty to Plaintiff on her remaining claims. Additionally, Defendant argues that where Plaintiff has pled claims based upon allegations of fraud, she has failed to allege actual knowledge as required by Rule 9(b) of the Federal Rules of Civil Procedure. As one would expect, Plaintiff contends that her amended complaint contains sufficient facts, when accepted as true and construed liberally in the light most favorable to her, gives rise to a cause of action.

Both sides agree that, for purposes of the present motion, California law applies.

LEGAL STANDARD

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) s*ee also, Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*).

A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). In *Iqbal,* the Supreme Court set out a method for evaluating whether a complaint should be dismissed:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-

2

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950. Thus, the Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *See Id.* at 1949-50.

In ruling on a motion to dismiss under 12(b)(6), the Court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

## ANALYSIS

Defendant argues that Plaintiff's claims are fundamentally based on allegations sounding in fraud. Def. Mtn. at 5. As such, Defendant asserts that Plaintiff's fraud-based claims are subject to the strict pleading requirements of Rule 9 (b) of the Federal Rules of Civil Procedure. *Id.* Where Plaintiff has asserted claims arising from an alleged duty owed to her, Defendant argues, said claims fail because no relationship existed between the parties creating such duties. As Defendant has argued alternative basis for dismissal of Plaintiff's various claims, the Court will consider the claims in turn.

   A. Plaintiff's Claims

      a. Aider and Abettor Claims

To establish aider and abettor liability under California law, a plaintiff must demonstrate that the defendant knows the other's conduct constitutes a breach of duty and it gives substantial assistance or encouragement to the other person. *Casey v. U.S. Bank National Association*, 127 Cal.App.4th 1138, 26 Cal.Rptr.3d. 401 (Cal.App.4th Dist. 2005); *see also*, *Chance World Trading E.C. v. Heritage Bank of Commerce, et. al.*, 438 F. Supp. 2d 1081, 1084 (N.D. Cal. 2005) ("In California, a claim

3

for aiding and abetting a tort requires two things: knowledge of the underlying tort and substantial assistance in its commission."). This requires a showing that the defendant had actual knowledge of the specific primary wrong. *Casey,* 26 Cal.Rptr.3d at 406. "'The words aid and abet as thus used have a well understood meaning, and may fairly be construed to imply an intentional participation with knowledge of the object to be attained.'" *Id.*, citing *Lomita Land and Water Co. v. Robinson*, 154 Cal. 36 (1908). Defendant must act with the intent of facilitating the commission of the tort to be liable as a cotortfeasor. *Id.* at 407. Suspicion and surmise do not constitute actual knowledge. *Id.* Pleading based on an allegation the defendant "knew or should have known" is insufficient. *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1118-1119 (C.D. Cal. 2003). Moreover, atypical banking procedures do not raise an inference of actual knowledge. *Chance World,* 438 F. Supp. 2d at 1086.

Liability against Defendant for aiding and abetting breach of fiduciary duty requires Plaintiff to allege Defendant had actual knowledge of the primary violation in which they purportedly participated. *Id.* at 1148. Here, the breach was the Ponzi defendants' theft from those they had a relationship of trust with, including Plaintiff's husband. The relevant inquiry, therefore, is whether Plaintiff adequately alleges Defendant had knowledge the Ponzi defendants were stealing money from their fiduciary clients. *See Id.* at 1149. Additionally, the district court in *Chance World* explained that California law, particularly as set forth in *Casey*, requires more than allegations that a bank had knowledge of suspicious activities or even "skullduggery" in order to give rise to tort liability. *Chance World*, 438 F. Supp. 2d at 1084-1085.

In the present case, Plaintiff sets out various facts she contends provided Defendant actual knowledge. *See* Pl. Resp., p. 9-10 (citing paragraphs 32-39 of the Amended Complaint). These paragraphs allege Defendant had actual knowledge based on the reference to other events that do not, on their face, appear to demonstrate actual knowledge. Indeed, after a thorough review of Plaintiff's asserted facts that she contends establish actual knowledge, the Court fails to identify

4

factual formulations that constitute actual knowledge. Plaintiff fails to allege that Defendant knew the Ponzi defendants were making false representations or stealing the investors' money based on the Ponzi defendants' representations. In essence, the allegations are an artful manner of stating that Defendant should have known of the Ponzi defendants' actions. Plaintiff's factual narrative is, at best, merely a story of suspicious activity that Plaintiff contends should have provided Defendant notice of the ponzi scheme. As such, this is not sufficient to satisfy the requirement of actual knowledge for aider and abettor liability. *Neilson*, 290 F.Supp.2d at 1118-1119.

Because Plaintiff has not adequately pled actual knowledge, the Court need not address the substantial assistance element of aider and abettor liability. Accordingly, the claims against Defendant under this theory fail under Rule 12(b)(6).

      b.  Breach of Fiduciary Duty and Constructive Fraud Claims

Plaintiff asserts a claim for constructive fraud and breach of fiduciary duty on the alleged participation by Defendants with the Ponzi enterprise. The Court must first determine the precise breach of fiduciary duty for which Plaintiff seeks to hold Defendant liable. *Id.* at 409. The elements of breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) breach of the fiduciary duty; 3) damage proximately caused by the breach. *Stanley v. Richmond*, 35 Cal.App.4th 1070, 1087, 41 Cal.Rptr.2d 768 (Cal. App. 1st Dist. 1995). The elements of a cause of action for fraud are well established and not in dispute: 1) a misrepresentation or actionable concealment of fact; 2) knowledge of falsity or the duty of disclosure; 3) intent to defraud or induce reliance; and 4) actual reliance by the plaintiff. *Mega Life and Health Ins. Co. v. Superior Court*, 172 Cal.App.4th 1522, 92 Cal.Rptr.3d 399 (Cal. App. 4th Dist. 2009).

Plaintiff's complaint and brief premise her status as a depositor in an account held by the Ponzi defendants to assert the alleged basis for a duty owed her by Defendant. Pl. Resp. at 14. Otherwise, the pleadings do not precisely identify the specific duties she contends the Ponzi defendants

5

breached. *Id.* at 9 ("In this case, the specific, primary wrong is the entire Ponzi scheme being run through the UT of S account with the assistance of JP Morgan's atypical policies and procedures."). A Ponzi scheme involves falsely representing to victims that a person or entity is engaged in legitimate investment activities which will provide the victim high returns when, in reality, those funds pay earlier investors and allow the perpetrators to simply steal money. *Casey*, 127 Cal.App.4th at 1147. The complaint focuses on Defendant's failures to act as a prudent banking institution and if it had acted prudently, it would have detected the Ponzi defendants' fraud.

A claim of breach of fiduciary duty does not necessarily involve fraud. In the present case, however, Plaintiff's claims are premised on allegations of fraud and the pleadings are therefore subject to the heightened pleading standard of Rule 9(b). *Brown v. Whitcraft*, 2008 WL 2066929, * 4 (N.D.Tex. 2008) citing *Peters v. Metro. Life Ins. Co.*, 164 F.Supp.2d 830, 836 (S.D.Miss.2001) ("Rule 9(b) also applies to a claim for breach of fiduciary duty when the claimed breach rests upon the same allegations as a fraud claim.").

Rule 9(b) of the Federal Rules of Civil Procedure provides that in order to state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud. See FED. R. CIV. P. 9(b); *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). In this Circuit, interpretation of Rule 9(b) is strict, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). At a minimum, "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *WMX Techs.*, 112 F.3d at 179) "Facts and circumstances constituting charged fraud must be specifically demonstrated and

cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968); *see, Nathenson v. Zonagen Inc.*, 267 F.3d 400, 419-20 (5th Cir. 2001). "Although Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id.* (emphasis in original).

If a complaint fails to meet the pleading requirements of Rule 9(b), dismissal is proper. *See, United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003); *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002).

In the present case, Defendant challenges the sufficiency of Plaintiff's pleadings, arguing that the constructive fraud and breach of fiduciary duty claims do not satisfy the strict requirements of Rule 9(b). The Court agrees. The only factual allegations Plaintiff asserts in support of her claims, as discussed previously, are those whose formulation presume facts of a vague and unspecific nature. Plaintiff neither identifies individuals employed by Defendant who may have participated in the alleged Ponzi scheme nor specifies who possessed knowledge of the Ponzi defendants' improper acts as required by Rule 9(b). *See, Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d at 212 (5th Cir. 2009). Furthermore, Plaintiff fails to allege any facts that would support an inference of fraudulent conduct by Defendant under California law. *See, Unterberger v. Red Bull North Am., Inc.*, 162 Cal. App. 4th 414, 423, 75 Cal. Rptr. 3d 368, (Cal. App. 2d Dist. 2008) (outlining the elements of a fraud claim under California law). Instead, Plaintiff merely states that Defendant "had actual knowledge that UT of S and its principles were running a fraudulent "Ponzi scheme.'" Def. Resp. at 9, citing Comp. ¶ 40. Courts have held that such conclusory statements are insufficient under Rule 9(b). *See, Mae v. U.S. Prop. Solutions, L.L.C.*, No. H-08-3588, 2009 U.S. Dist. LEXIS 57743, 2009 WL 1968330, at *5 (S.D. Tex. July 6, 2009). Accordingly, the Court finds that Plaintiff's allegations do

not satisfy the heightened pleading requirements of Rule 9(b), and her claims for constructive fraud and breach of fiduciary duty fail under Rule 12(b)(6).

    c.   Negligence and Negligence Per Se Claims

Plaintiff's remaining claims assert that Defendant owed her a duty, and she contends that the pleadings adequately allege facts that would give rise to a claim for negligence and negligence per se. Pl. Resp., p. 14-15. Specifically, Plaintiff asserts that the duty arises from her status as a depositor with the bank. *Id.* at 14. Plaintiff does not allege that she is a customer of the bank, however. Defendant argues that Plaintiff should not be considered a depositor under California case law, citing *Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1159, 220 Cal. Rptr. 507 (1985).

In California, a bank owes a duty to its customer and does not owe a duty to its non-customers. *Ballard v. Royal Trust Bank*, No. 98-55592, 1999 U.S. App. LEXIS 31595 * 9 (9th Cir. 1999)(citing *Software Design & Application v. Hoefer & Arnett*, 49 Cal. App. 4th 472, 56 Cal. Rptr. 2d 756, 760-61 (Cal. App. 1st Dist. 1996). "Cases where California courts have imposed on banks a limited duty of inquiry for the benefit of non-customers have all involved checks presented for deposit bearing some objective signs of fraud." *Id.*[1]

In the present case, Plaintiff has alleged she is a depositor. Plaintiff's amended complaint alleges she sent funds to UT of S, which then deposited the funds into the bank account it held with Defendant. The Court, having reviewed California law, disagrees with Plaintiff's interpretation of what it means to be a "depositor" with Defendant. She is not a depositor as understood by California law and is not a customer of Defendant. As such, Plaintiff does not sufficiently plead a

---

[1] The court in *Ballard* noted that the bank in question "had no existing duty to investigate its accounts' activity" and should not be required to "offer not only financial, but investigatory, services." *Ballard* 1999 U.S. App. LEXIS at 9 ("In short, under California law, [the bank] had no existing duty to investigate its accounts' activity in the absence of suspicious circumstances, nor do we decide to create such a duty here."). In the present case, the Court finds this reasoning compelling, as the gravamen of Plaintiff's complaint is that Defendant should have known and should have investigated the Ponzi defendants' account. Considering the reasoning in *Ballard*, the Court fails to see how such pleading results in a viable claim.

8

claim that a duty was owed to her and, thus, her claims for negligence and negligence per se must be dismissed.

  B. Propriety of dismissal

  Having reviewed Plaintiff's various claims, the Court finds that the amended complaint fails to allege facts that give rise to an entitlement of relief under Rule 12(b)(6). Generally, however, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the Plaintiff an opportunity to amend. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Where a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). The Supreme Court has stated:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989)

  Where a plaintiff declares the sufficiency of the pleadings and makes no attempt to amend a complaint in response to a Rule 12(b)(6) challenge, dismissal is proper, provided the allegations fail to state a claim for which relief can be granted. *See, Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir.1986), and *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir.1994) (affirming a district court's refusal to grant a plaintiff leave to amend his complaint because he declared the sufficiency of his pleadings and did not offer a sufficient amended complaint in response to the defendant's motion to dismiss)).

  In the present case, Plaintiff has been afforded an opportunity to, and filed, an amended complaint. Moreover, at no point after Defendant filed its Rule 12(b)(6) motion did Plaintiff move

to amend her complaint. Instead, Plaintiff has repeatedly asserted the sufficiency of her claims as set forth in the amended complaint. *See, e.g.,* Pl.'s Resp. at 7-12. Consequently, the Court finds that dismissal of Plaintiff's claims for the reasons stated is appropriate because she has not moved to amend her complaint after Defendant filed the present motion, and she has consistently repeated the sufficiency of her pleadings.

## CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief can be granted because she has: 1) failed to allege actual knowledge for her claims of aider and abettor liability, 2) failed to satisfy the heightened pleading requirements of Rule 9(b) for her breach of duty claims based on fraud, and 3) failed to allege a duty owed to her by Defendant for her claims based in negligence. Accordingly, the Court GRANTS Defendant's motion and dismisses Plaintiff's claims against Defendant for failure to state a claim pursuant to Rule 12(b)(6).

So ORDERED this 16th day of December, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**